IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,298-01






EX PARTE FABIAN CHAVARRIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10-10096-A IN THE CRIMINAL DISTRICT COURT


FROM JEFFERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to deadly conduct,
and originally received deferred adjudication community supervision. His guilt was later
adjudicated, and he was sentenced to ten years' imprisonment. 

 Applicant contends, among other things, (1) that his counsel at adjudication rendered ineffective
assistance because counsel failed to advise Applicant of how to pursue an appeal, and failed to
timely file a notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order adjudication counsel to respond
to Applicant's claim of ineffective assistance of counsel. Specifically, adjudication counsel shall
state whether he ever discussed with Applicant his right to appeal after adjudication, whether he
advised Applicant of the time limits and procedure for doing so, and whether Applicant ever
expressed a desire to appeal to adjudication counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to a meaningful appeal because Applicant's counsel failed to advise Applicant
regarding his appellate rights or timely file a notice of appeal. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: October 23, 2013

Do not publish

1. This Court has considered Applicant's other claims, and found them to be without merit.